

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-88,008-03

### EX PARTE JUAN ENRIQUE SARQUIS JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2013-DCR-02588-B IN THE 138TH DISTRICT COURT
### FROM CAMERON COUNTY

**YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.**

### <u>CONCURRING OPINION</u>

Applicant was convicted in 2014 of aggravated assault with a deadly weapon and sentenced to twelve years' imprisonment. Applicant filed an application for writ of habeas corpus in the county of conviction in 2021, alleging his plea was involuntary. TEX. CODE CRIM. PROC. art. 11.07.

Today, the Court remands this application to the trial court to further develop the record. I agree this application should be remanded, and so I join the Court's order doing so. But I write separately, as I have previously, to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Sepeda*, No. WR-92,711-01, 2021 WL 2450089 (Tex.

Crim. App. June 16, 2021) (per curiam) (not designated for publication) (Yeary, J., concurring) (reviewing *Ex parte Smith*'s holding and the principles that justify a trial court's *sua sponte* authority to consider laches).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2014, but this writ application was not filed using the proper 11.07 form until almost seven years later,[1] and nearly two years after trial counsel had passed away. Applicant may very well have an explanation for the overall delay, but neither he nor any of his retained habeas counsel have adequately explained it yet.[2]

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. And ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

FILED:                    December 8, 2021
DO NOT PUBLISH

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

[2] Applicant previously filed his -01 and -02 writ applications in 2018 and 2021, respectively, but both were dismissed as non-compliant for failing to use the proper form. TEX. R. APP. P. 73.1. For each prior application, the Court notified both Applicant and his then-retained habeas counsel by mail (dated Feb. 7, 2018, and Feb. 24, 2021, respectively) explaining in what way each application was non-compliant.